## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PROGRESSIVE NORTHWESTERN** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. _____** |
| ) | |
| **GABRIEL GANT, INDIVIDUALLY** ) | |
| **AND AS HEIR AT LAW OF KATHRYN** ) | |
| **GANT, AND GABRIEL GANT, AS** ) | |
| **ADMINISTRATOR OF THE ESTATE OF** ) | |
| **KATHRYN GANT, DECEASED, AND** ) | |
| **GABRIEL GANT, AS NEXT FRIEND OF** ) | |
| **M.G., F.G., AND C.G.** ) | |
| ) | |
| **Defendants.** ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Progressive Northwestern Insurance Company ("Progressive"), by and through counsel, pursuant to Federal Rule 57 and 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment, states, avers and alleges as follows:

**Determination of Place of Trial Pursuant to Local Rule 40.2:**
**Plaintiff desires Wichita, Kansas as the place of trial**

### Jurisdiction and Venue

1.      Plaintiff Progressive is an Ohio company with its principal place of business in the state of Ohio.

2.      Defendant Gabriel Gant, individually and as heir at law of Kathryn Gant and Administrator of the Estate of Kathryn Gant, and as next friend of the Gant minors, is an individual and a resident of the state of Kansas.

3.     This cause of action arises pursuant to an Agreement and Assignment of Rights and Covenant Not to Execute executed by Gant and Progressive's insureds, Justin Birk, Edward Birk, Linda Birk, and Birk Oil Company, in *Gant, et al. v. Birk, et al.*, Case No. 13CV019, in the District Court of Coffey County, Kansas (the "underlying lawsuit").  A copy of the First Amended Petition filed in the underlying lawsuit is attached hereto as Exhibit A and incorporated herein by reference.  However, the allegations contained in Exhibit A are not herein alleged to be true.  A copy of the Agreement and Assignment of Rights and Covenant Not to Execute is attached hereto as Exhibit B (the "Agreement").

4.     The amount in controversy exceeds $75,000.00 and the dispute exists among citizens of different states.  Consequently, jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332.

5.     The automobile accident giving rise to the underlying lawsuit occurred in Kansas, the Agreement and Assignment of Rights and Covenant Not to Execute was signed in Kansas and is to be interpreted in accordance with Kansas law, and the Progressive policy at issue is a Kansas policy issued to the Birks, who are citizens of Kansas.  Consequently, venue is also proper.

## General Allegations

6.     Progressive brings this action seeking a declaration of rights and obligations under an insurance policy, No. 25439759-5, issued to Edward and Linda Birk, with liability coverage limits for bodily injury and death of $250,000.00, as well as the Agreement.

7.     Specifically, Progressive seeks a declaration that Progressive acted reasonably and consistently with the terms of the subject insurance policy in its handling of the claim and underlying lawsuit, and Progressive seeks a declaration that it is not liable to Gant for any damages claimed or contemplated in the Agreement and Assignment of Rights and Covenant Not to Execute

or for the judgment entered in the underlying litigation in excess of the bodily injury liability limits of $250,000.

8.      An actual, justiciable controversy exists between Progressive and Gant, and litigation as to this controversy is imminent and inevitable.  Resolution of matters raised in this action will dispose of all issues between the parties.

9.      The underlying lawsuit is an action for the personal injury claims of Defendants Gant, individually and as heir at law of Kathryn Gant and Administrator of the Estate of Kathryn Gant.

10.     In the underlying lawsuit, it was alleged that on or about June 10, 2011, Kathryn Gant was driving an automobile eastbound on K-58 highway in Allen County, Kansas, when a vehicle being driven westbound on K-58 by Justin Birk, son of Edward and Linda Birk, crossed the center line and struck Kathryn Gant's vehicle, resulting in her death.

11.     In the underlying lawsuit, it was alleged that the Birks and Birk Oil negligently entrusted the vehicle to Justin Birk and that his alleged negligence should be imputed to Birk Oil.

### *The Agreement and Assignment of Rights and Covenant Not to Execute*

12.     While the underlying litigation was still pending, Gant and the Birks entered into an Agreement and Assignment of Rights and Covenant Not to Execute. (Attached as Exhibit A).

13.     Pursuant to that Agreement, the parties thereto stipulated to a bench trial before Judge Godderz, of the District Court of Coffey County, Kansas.

14.     Pursuant to the Agreement, the Birks assigned to Gant the $250,000 bodily injury liability limits of the Progressive Policy as well as the Birks' rights to "pursue a breach of contract and/or garnishment claim against Progressive arising out of Progressive's negligence and/or bad faith."

15.     Pursuant to the Agreement, the Birks further assigned to Gant the $1,000,000.00 bodily injury and death liability limit of a different auto insurance policy, written by Bitco, which Bitco agreed to furnish to Gant upon entry of judgment by the Court.

16.     In return, Gant agreed to enter into the Covenant not to Execute against the Birks on the judgment entered in the underlying litigation.

17.     Gant and the Birks further agreed that Gant would initiate proceedings in its own name against Progressive to "collect the unpaid balance of the judgment, together with interest and all costs/fees allowed by law."

18.     The underlying lawsuit proceeded to a 3-day bench trial before the District Court of Coffey County, Kansas.

19.     The District Court found that Justin Birk was negligent and caused the accident, further found that Edward and Linda Birk negligently entrusted the vehicle to Justin Birk, and further imputed Justin Birk's negligence to Birk Oil.

20.     The District Court entered judgment in favor of Gant and awarded damages totaling $6,723,021, plus post-judgment interest pursuant to K.S.A. 16-204. (Judgment, attached as Exhibit C).

## COUNT I – DECLARATORY JUDGMENT

21.     Plaintiff Progressive incorporates by reference paragraphs 1 through 21 of its Complaint for Declaratory Judgment, as if fully set forth herein, *in haec verba*.

22.     Progressive avers that it is not liable to Gant for damages as contemplated and claimed in the Agreement and Assignment of Rights and Covenant Not to Execute, including the judgment entered in the underlying litigation.

23.     Progressive avers that its handling of the underlying claim and lawsuit was appropriate, in good faith, and consistent with the Progressive Policy and all duties imposed upon it by law or otherwise.

WHEREFORE, plaintiff Progressive prays for the following relief:

(a)     A declaration that Progressive is not liable to Gant, individually, and/or on behalf of Kathryn Gant's estate, and/or on behalf of minor children M.G., F.G., and C.G., for any sums in excess of the $250,000 bodily injury policy limits;

(c)     For plaintiff's costs and attorney's fees incurred herein; and

(d)     For all other and further relief as the Court deems just and proper.

Respectfully submitted,

**FRANKE SCHULTZ & MULLEN, P.C.**

 /s/ John L. Mullen
JOHN L. MULLEN     #22994
CHRISTOPHER HARPER #23273
8900 Ward Parkway
Kansas City, Missouri  64114
(816) 421-7100
(816) 421-7915 (fax)
*jmullen@fsmlawfirm.com*
*charper@fsmlawfirm.com*
**Attorney for Plaintiff**

5