# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PROGRESSIVE NORTHWESTERN
INSURANCE COMPANY,

    **Plaintiff,**

v.

GABRIEL GANT, INDIVIDUALLY
AND AS HEIR AT LAW OF KATHRYN
GANT, AND GABRIEL GANT, AS
ADMINISTRATOR OF THE ESTATE OF
KATHRYN GRANT, DECEASED, AND
GABRIEL GANT, AS NEXT FRIEND OF
M.G., F.G., AND C.G.,

    **Defendants.**

Case No. 15-9267-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiff Progressive Northwestern Insurance Company ("Progressive") filed this declaratory judgment action seeking a declaration of its rights and obligations under an insurance policy issued to Edward and Linda Birk, whose son was involved in a vehicular homicide that killed Kathryn Gant in June 2011. On January 4, 2016, the Court granted in part Defendants' Motion for More Definite Statement or, in the Alternative, Motion to Dismiss (Doc. 5) filed December 4, 2015, after Plaintiff failed to timely file a response (Doc. 8). Specifically, the Court denied Defendants' request for dismissal under Fed. R. Civ. P. 12(b)(6), but after reviewing Plaintiff's five-page complaint under Rule 12(e), keeping in mind the defects raised by Defendants and the additional information they contend should be pleaded in the Complaint, granted Defendants' request that Plaintiff provide additional factual allegations to support its claim that "its handling of the underlying claim and lawsuit was appropriate, in good faith, and consistent with the Progressive Policy and all duties imposed upon it by law or otherwise."

Now before the Court is Plaintiff's Motion for Extension of Time to File Response to Plaintiff's motion, as well as a request for this Court to reconsider its Order granting the motion for more definite statement (Doc. 9). The motion was filed on January 4, 2016, after entry of the Court's Order, along with an unauthorized response to Defendant's Motion (Doc. 10). Plaintiff contends that on December 15, 2015, counsel for Plaintiff conferred with counsel for Defendants, and the parties agreed that Plaintiff could have additional time to respond to the motion until January 4, 2016. However, counsel for Plaintiff failed to inform the Court of this agreement or file a motion requesting an extension of time.

At the time the Court entered its Order, Plaintiff had failed to file a response to the motion and the time to do so had expired.[1] Under Fed. R. Civ. P. 6(b)(1)(B), "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Under D. Kan. Rule 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

Plaintiff has the burden to demonstrate excusable neglect. Factors in determining whether excusable neglect exists include: (1) the danger of prejudice to the other party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[2] Plaintiff does not address or assert any excusable neglect for failing to move for an extension of time to respond to the motion, short of stating the failure to file was

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to a dispositive motion to be filed within twenty-one days).

[2] *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1172 (10th Cir. 2011) (citation omitted).

inadvertent. The Tenth Circuit holds, however, that "inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposed of Rule 6(b)."[34] Accordingly, Plaintiff has not shown good cause to file its response out of time.

Moreover, because Plaintiff seeks to vacate this Court's prior Order directing Plaintiff to file a more definite statement, the Court must consider whether reconsideration is appropriate.[5] A motion to reconsider a non-dispositive order may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[6] Plaintiff does not discuss or establish any of these grounds for reconsideration. As noted above, the Court not only granted Plaintiff's motion as uncontested, it declined to dismiss the Complaint and ordered Plaintiff to file a more definite statement after reviewing Plaintiff's Complaint and the defects raised by Defendants. This holding is not an onerous one, and under the circumstances, the Court denies Plaintiff's request for reconsideration and directs Plaintiff to file an amended complaint that includes additional factual content as set forth in its previous Order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Extension of Time to File Response to Defendants' Motion for More Definite Statement and Request for the Court to Reconsider Order Granting Motion is DENIED; within fourteen (14) days of this Order, Plaintiff shall file an amended complaint that includes additional factual content as set forth in Defendants' motion and the Court's previous Order.

---

[4] *Hamilton v. Water Whole Int'l Corp.*, 302 F. App'x 789, 798 (10th Cir. 2008).
[5] D. Kan. Local R. 7.3(b) (requiring motion for reconsideration of non-dispositive orders to be filed within fourteen days of order).
[6] *Id.*

**IT IS SO ORDERED.**

Dated: March 3, 2016

                                           S/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           UNITED STATES DISTRICT JUDGE