# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PROGRESSIVE NORTHWESTERN ) <br> INSURANCE COMPANY, ) <br> ) <br>    Plaintiff/Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> GABRIEL GANT, *et al.*, ) <br> ) <br>    Defendants/Counterclaim Plaintiffs. ) <br> _____) | Case No.15-9267-JAR/KGG |

## ORDER ON THIRD-PARTY
## MOTION FOR PROTECTIVE ORDER

Now before the Court is the Amended Motion for Protective Order filed by third-party Kevin McMaster. (Doc. 166.) For the reasons set forth below, the motion is **GRANTED in part** and **DENIED in part** as more fully set forth below.

## BACKGROUND

This is a declaratory judgment action brought by Plaintiff Progressive Northwestern Insurance Company ("Plaintiff" or "Progressive"). Plaintiff seeks a finding that its handling of an underlying claim and lawsuit, resulting from a fatal automobile accident, "was appropriate, in good faith, and consistent with the Progressive Policy and all duties imposed upon it by law or otherwise." (*See* Doc. 1, at 5; Doc. 14, at 7.) Issues with the handling relate specifically to counsel (Kevin McMaster) retained by Plaintiff for its insured, who were defendants in the

underlying action. McMaster is alleged to have engaged in conduct described as "obstructionist," "highly prejudicial," and "to the extreme detriment" of the defendants in the underlying lawsuit. (*See generally* Doc. 6-5.)

Additional facts relating to this case, as well as to the underlying lawsuit, were summarized in the District Court's Memorandum and Order granting Defendants leave to answer out of time, Plaintiff's motion to strike, and Plaintiff's motion to dismiss. (*See* Doc. 92, at 1-3.) That summary is incorporated herein by reference.

The present motion relates to the pending deposition of McMaster. He requests a protective order "prescribing the terms and conditions by which his deposition shall be conducted." (Doc. 166, at 1.) The requested terms and conditions are enumerated as follows:

> A. Barring Plaintiff from proceeding with the deposition of McMaster until the ongoing discovery dispute between Plaintiff and Defendant has been resolved;
>
> B. Requiring that Plaintiff provide reasonable compensation to McMaster for the time he is required to respond to discovery;
>
> C. Prohibiting deposition questions designed solely to elicit information that is protected by the attorney-client privilege;
>
> D. Requiring Plaintiff and Defendant to identify all matters of inquiry and produce any and all

> documentation on which each party intends to inquire at the deposition at least 10 days prior to McMaster's deposition;
>
> E. Prohibiting dissemination of the videotape and/or transcript produced following McMaster's deposition; and
>
> F. For such other and further relief as the Court deems just and proper.

(Doc. 172, at 3-4.)

## DISCUSSION

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * * *
>  (A) forbidding the disclosure or discovery;
>
>  (B) specifying terms, including time and place, for the disclosure or discovery;
>
> * * *
>  (D) forbidding inquiry into certain matters, or

3

>> limiting the scope of disclosure or discovery to
>> certain matters;
>
> * * *
>
>> (F) requiring that a deposition be sealed and
>> opened only on court order;....

Fed.R.Civ.P. 26(c)(1).

Based on the arguments contained in the parties' briefing, it appears that the parties have reached a compromise as to several of the conditions sought by McMaster.[1]  Defendant agrees to request A, that the deposition not occur until after a then-pending motion to compel is resolved.  That motion has since been granted in part and denied in part by the undersigned Magistrate Judge.  (Doc. 116.)  Plaintiff was given until March 16, 2017, to serve supplemental discovery responses.  As such, the Court directs the parties that the deposition not be scheduled until after that supplemental disclosure has occurred.

The parties have also resolved request C, that deposition questions designed solely to elicit a privileged response be prohibited.  Defendant indicates that this limitation should relate only to "the protection of privileged communications between Mr. McMaster and the . . . Defendants [in the underlying lawsuit] . . . ."

---

[1] The Court notes that Plaintiff Progressive did not file a response to the third-party motion.  As such, the Court finds that Plaintiff has waived any argument or objection to the compromises discussed herein.

(Doc. 171, at 6.)  Defendant objects, however, "to the extent this request is intended to protect any communication between Mr. McMaster and [Plaintiff]." (*Id*.)  Because McMaster does not address this clarification in his reply memorandum (*see* Doc. 172), the Court finds that this limitation to be both unopposed and appropriate.

The Court also finds request D – that all matters of inquiry and documentation be provided to him 10 days prior to the deposition – to have been resolved.  While Defendant finds this to be both unnecessary and not routine, he infers that he would accept this condition to the extent it applies only to the party that requested the deposition, which is Plaintiff Progressive rather than Defendant Gant.  (Doc. 171, at 6.)  McMaster did not address this compromise in his reply memorandum.  The Court thus infers his acquiescence.[2]  As such, Plaintiff is directed to identify all matters of inquiry and produce any and all documentation on which it intends to inquire at the deposition at least 10 days prior to McMaster's deposition.  No such limitations are placed on Defendant, although his counsel has agreed "to provide Mr. McMaster's counsel with a list of topics likely to be discussed and/or addressed at [the] deposition . . . ."  (*Id*.)  Defense counsel will

---

[2] The same goes for Plaintiff, which did not respond to McMaster's third-party motion.

not, however, be limited or restricted to matters contained in any such list.

As a result of the parties' compromises, there remain only two requested conditions for the Court to address – that McMaster be provided reasonable compensation for the time he is required to respond to discovery and a prohibition on dissemination of the videotape and/or transcript produced following McMaster's deposition.  Each will be addressed in turn.

### A. "Reasonable Compensation" to McMaster.

McMaster relies on Fed.R.Civ.P. 26(b)(4)(E) for the proposition that he should be paid reasonable compensation as "an expert for the time spent responding to discovery."  (Doc. 172, at 1.)  He refers the Court to the case of *Johnson v. Kraft Foods North America*, No. 05-2093-JWL-DJW, 2007 WL 734956, at *3 (D. Kan. March 7, 2007) in support of his argument.  The Court finds the *Johnson* case to be distinguishable as the professional requesting the compensation was a physician who had not been listed as an expert.  The *Johnson* court held that "'the testimony of a treating physician is entitled to his or her 'reasonable fee' because such physician's testimony will necessarily involve scientific knowledge and observations that do not inform the testimony of a simple 'fact' or 'occurrence' witness.'" (*Id.* (quoting *Wirtz v. Kansas Farm Bureau Services, Inc.*, 355 F.Supp.2d 1190, 1211 (D.Kan.2005) (citations omitted)).

McMaster is not being deposed in this case as an expert because of his "specialized knowledge." While his "specialized knowledge" may come in to play as he is asked about – and asked to justify – his legal decisions, the fact remains that he is being deposed as a fact witness. As argued by Defendant, McMaster's "relationship to this action is closer to a defendant than an expert." (Doc. 171, at 5.) The Court finds no justification for compensating McMaster for his time simply because he is a lawyer when other fact witnesses from other professions are not paid in a similar manner.

**B.     Dissemination of the Deposition Transcript or Video.**

McMaster also requests that the deposition transcript or videotape be prohibited from dissemination "[d]ue to the confidential nature of what could be discussed . . . ." (Doc. 165, at 7.) He seeks "additional protection" beyond a confidential designation via the Protective Order entered in this case from "any potential attempt to publish his thoughts and actions while operating as counsel in the underlying lawsuit and other lawsuits in an incomplete, unfair, or potentially defamatory light." (Doc. 172, at 3.)

McMaster has provided no legal precedent for the relief he is requesting. Further, as stated by Defendant, "[t]he fact that Mr. McMaster is a practicing attorney does not provide a basis for sealing his deposition." (Doc. 171, at 7.)

7

Defendant has already agreed that questions designed solely to elicit a privileged response will be prohibited.  (*See supra*.)  Defendant has indicated, however, that he "has no objection to working with counsel to determine whether select portions of testimony should be protected." (Doc. 171, at 7.)  The Court finds that this agreement by Defendant will provide McMaster with sufficient protection while balancing the public interest in open courts.

**IT IS THEREFORE ORDERED** that the Amended Third-Party Motion for Protective Order (Doc. 166) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 24th day of February, 2017.

                                                  S/ KENNETH G. GALE
                                                  KENNETH G. GALE
                                                  United States Magistrate Judge