**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No. 15-9267-JAR-KGG |
| GABRIEL GANT, INDIVIDUALLY AND AS HEIR AT LAW OF KATHRYN GANT, AND GABRIEL GANT, AS ADMINISTRATOR OF THE ESTATE OF KATHRYN GRANT, DECEASED, AND GABRIEL GANT, AS NEXT FRIEND OF M.G., F.G., AND C.G., | |
| Defendants. | |

## MEMORANDUM AND ORDER

This matter is presently before the Court on Defendant/Counterclaim Plaintiff Gabriel

Gant's Objection in Part to Magistrate Gale's Order on Motion to Compel dated February 16,

2017 (Doc. 189), in which the Magistrate Judge denied Defendant's motion to compel

production of certain documents with respect to which Plaintiff Progressive Northwestern

Insurance Company ("Progressive") had asserted the attorney-client privilege. Having carefully

reviewed the argument of the parties, the Court is now prepared to rule.  For the reasons

explained in detail below, the objection is overruled without prejudice.

I.      **Background**

This case arises out of a fatality vehicle collision that occurred in June 2011.  Additional

facts relating to this case and the underlying lawsuit stemming from the fatality collision were

summarized by this Court in its Memorandum and Order denying in part Plaintiff's motion to

dismiss Gant's Amended Counterclaim,[1] which the Court incorporates by reference herein.

After serving a request for production and interrogatories on Progressive, Gant contended that Progressive withheld from production certain documents and information. Relevant to these proceedings, Gant contends that by filing the present declaratory judgment action requesting a finding that it acted reasonably in the defense of the underlying lawsuit, Progressive waived any claim to the attorney-client privilege, and asked Judge Gale to compel Progressive to release internal communications and other documents that address Progressive's handling of the internal lawsuit. After analyzing the waiver issue, Judge Gale ruled there was no adequate justification for such a blanket waiver.[2]

## II.    Discussion

Fed. R. Civ. P. 72(a) allows a party to provide specific, written objections to a magistrate judge's non-dispositive order. The court does not conduct a de novo review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law."[3] The court must affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed."[4] A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure."[5]

In his motion to compel, Gant argued that Progressive waived the attorney-client privilege with respect to internal communications about the handling of the underlying lawsuit

---

[1]*See* Doc. 237.

[2]Doc. 186 at 16–18.

[3]Fed. R. Civ. P. 72(a); *see Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 494 (D. Kan. 1997).

[4]*Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only for clear abuse of discretion).

[5]*Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011) (quotation omitted).

during the pendency of the underlying lawsuit by placing the protected information "at issue" by

including it in the Amended Complaint. Judge Gale disagreed after applying the *Hearn*

approach frequently utilized in this District.[6] Under *Hearn*, three factors must be present to

establish an implied waiver of the attorney-client privilege:

> (1) assertion of the privilege was the result of some affirmative act, such as
> filing suit, by the asserting party; (2) through this affirmative act, the asserting
> party put the protected information at issue by making it relevant to the case; *and*
> (3) application of the privilege would have denied the opposing party access to
> information vital to [its] defense.[7]

Judge Gale concluded that merely filing a lawsuit does not waive the privilege of a

plaintiff in communication with its attorneys about the subject matter of the lawsuit, and that

waiver does not occur when, as in this case, "the attorney-client communications are merely

relevant to claims" rather than "integral" to the claim itself.[8] Judge Gale explained, "[t]o hold

otherwise would be dangerously close to finding an automatic waiver of the attorney-client

privilege whenever this type of declaratory judgment action is filed."[9] Significantly, Judge Gale

left open the possibility that certain, more specific categories of otherwise protected information

are "integral" to the claims at issue, noting Gant did not argue waiver of the privilege regarding

particular types of categories or information or specific documents, but merely the privilege

should be deemed waived as to all "internal communications and other documents that address

Progressive's handling of the underlying lawsuit."[10]

Moreover, Judge Gale stated that his conclusion regarding waiver could change if

---

[6]*See Hearn v. Rhay,* 68 F.R.D. 574, 581 (E.D. Wash. 1975); *see also Frontier Ref., Inc. v. Gorman-Rupp Co.,* 136 F.3d 695, 699–702 (10th Cir. 1998) (applying *Hearn* test).

[7]*Seneca Ins. Co. v. W. Claims, Inc.,* 774 F.3d 1272, 1276 (10th Cir. 2014) (quoting *Frontier Ref., Inc.,* 136 F.3d at 701) (emphasis and modification in original).

[8]Doc. 186 at 17 (quoting *AKH Co. Inc. v. Universal Underwriters Ins. Co.,* 300 F.R.D. 684, 694 (D. Kan. 2014) (citation omitted)).

[9]*Id.*

[10]*Id.* at 17–18.

Progressive interposes the communications with its attorneys in its defense of Gant's counterclaims.[11] As detailed in this Court's recent order denying Progressive's motion to dismiss Gant's breach of contract counterclaim, an insurance company may be vicariously liable for the actions of the attorney defending the case where the attorney's acts or omissions were directed, commanded or knowingly authorized by the insurer.[12]

The Court concludes that the Magistrate Judge did not clearly err in rejecting Gant's broad assertion of a blanket waiver with respect to the claims in Progressive's declaratory action. The Court notes that Judge Gale's Order does not preclude a more particularized request for production based on a renewed assertion of waiver of the privilege regarding specific documents or categories of information, especially in the context of any answer Progressive files to the Amended Counterclaim. In so ruling, the Court does not offer an opinion on the merits of such a request.

For these reasons, the Court overrules Gant's objections, without prejudice to renewal consistent with this and Judge Gale's opinion.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant/Counterclaim Plaintiff Gabriel Gant's Objection in Part to Magistrate Gale's Order on Motion to Compel dated February 16, 2017 (Doc. 189) is **overruled** without prejudice.

**IT IS SO ORDERED.**

Dated: July 11, 2017

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11]*Id.*

[12]Doc. 237 at 9 (citing *Hackman v. W. Agr. Ins. Co.,* 275 P.3d 73 (Table), 2012 WL 1524060, at *16 (citing *Pac. Emp'rs Ins. Co. v. P.B. Hoidale Co., Inc.,* 789 F. Supp. 1117, 1122 (D. Kan. 1992)).