IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PROGRESSIVE NORTHWESTERN )
INSURANCE COMPANY, )
)
    Plaintiff/Counterclaim Defendant, )
)
v. ) Case No.15-9267-JAR/KGG
)
GABRIEL GANT, *et al.*, )
)
    Defendants/Counterclaim Plaintiffs. )
_____)

## ORDER ON DEFENDANT'S MOTION TO COMPEL

Now before the Court is Defendant's Motion to Compel. (Doc. 212.) For the reasons set forth below, Defendant's motion is **GRANTED in part** and **DENIED in part** as more fully set forth below.

## BACKGROUND

This is a declaratory judgment action brought by Plaintiff Progressive Northwestern Insurance Company ("Plaintiff" or "Progressive"). Plaintiff requests a finding that its handling of an underlying claim and lawsuit, resulting from a fatal automobile accident, "was appropriate, in good faith, and consistent with the Progressive Policy and all duties imposed upon it by law or otherwise." (*See* Doc. 1, at 5; Doc. 14, at 7.) Issues with the handling relate specifically to counsel (Kevin McMaster) retained by Plaintiff for its insured, who were defendants in the

underlying action. McMaster is alleged to have engaged in conduct described as "obstructionist," "highly prejudicial," and "to the extreme detriment" of the defendants in the underlying lawsuit. (*See generally* Doc. 6-5.)

Additional facts relating to this case, as well as to the underlying lawsuit, were summarized in the District Court's Memorandum and Order granting Defendants leave to answer out of time, Plaintiff's motion to strike, and Plaintiff's motion to dismiss. (*See* Doc. 92, at 1-3.) That summary is incorporated herein by reference.

The present motion relates to Plaintiff's responses to Defendants' Second Requests for Production. (*See* Doc. 212.) As a matter of context, the Court previously granted in part and denied in part Defendants first Motion to Compel, which dealt with a prior set of discovery requests seeking the same general information as the requests currently at issue – prior instances of "bad behavior" by Kevin McMaster, counsel retained by Plaintiff to represent various insureds. (*See* Order, Doc. 186.)

> In that prior Order, this Court generally agreed that
>
> > evidence of prior notice to the insurer of McMaster's previous bad conduct in other cases is relevant to Defendants' theory of Progressive's potential negligence or bad faith in retaining McMaster to represent its insureds. The Court also acknowledges Defendants' argument that the requests are proportional to the needs

> of the case pursuant to Fed.R.Civ.P. 26 given the significant outstanding judgment in this case. (Doc. 117, at 10-11.)
>
> Even so, the Court finds the Requests at issue to be inherently overbroad and unduly burdensome. This is especially true of the information that is available to Defendants as public record (pleadings, court orders, etc.) or through other sources (transcripts). Plaintiff's objection as to pleadings, court orders, and other documents of public record is sustained.
>
> Defendants' requests for all discovery, all correspondence exchanged between counsel, and all correspondence between Plaintiff Progressive and McMaster are also facially overbroad. Discovery exchanged and answered by both parties on any and all topics relevant to other the lawsuits identified would clearly encompass more information that was irrelevant than relevant. All of the requested correspondence in these cases would equally encompass volumes of documents that are entirely irrelevant to these proceedings.
>
> Plaintiff's overbreadth and burdensome objections are sustained as to the requested discovery and correspondence sought in Requests Nos. 9-14. Defendants' motion is DENIED in regard to Requests Nos. 9-14. Because the discovery requests are so broadly written, the Court cannot endeavor to rewrite or narrow them to make them appropriate. To the extent Defendants want specific information that is encompassed within these categories, Defendants are instructed to serve revised discovery requests.

(Doc. 186, at 5-6.)

Thereafter, Defendant served his Second Requests for Production, which he contends "complied with the Court's directives" and they were more narrowly

3

tailored and sought "much more specific information." (Doc. 213, at 4.) Even so, Plaintiff objected that much of the requested information is irrelevant. (*See* Doc. 212-1.) The parties subsequently participated in an informal telephone conference with the Court to discuss the issues relating to the Second Requests for Production. Following the telephone conference, Defendant filed the present motion regarding Plaintiff's responses to Requests Nos. 3-9. (Docs. 212, 213.)

## DISCUSSION

**A.    Requests Nos. 3-8.**[1]

Defendant's motion seeks supplemental responses to Requests for Production Nos. 3-8, arguing that the information regarding alleged prior "bad conduct" of counsel McMaster is relevant and shows that Plaintiff had notice of such behavior by McMaster. (*See generally* Doc. 213.) Defendant contends the rewritten discovery requests are "narrowly tailored and proportional to the needs of the case because they seek correspondence regarding <u>specific documents and</u>

---

[1] Defendant also moves to compel Plaintiff to provide "additional information" regarding its response to Request No. 9, seeking communications among Plaintiff's employees and/or with McMaster as to various instances of "previous bad conduct" by McMaster. (Doc. 212-1, at 10.) Plaintiff stated it performed a "laborious electronic search of 500+ past McMaster files," but "does not believe it has documents responsive to this request. (*Id*., at 11.) Defendant found this "hard to believe" and sought additional information detailing the search conducted by Plaintiff. (Doc. 213, at 11-12.) Plaintiff's responsive brief provided more specifics regarding the search it performed. (Doc. 222, at 8.) Defendant's reply brief does not address Request No. 9. As such, the Court deems Plaintiff to have sufficiently explained its search process. This portion of Defendant's motion is **DENIED.**

events from the prior McMaster cases." (*Id.*, at 9 (emphasis in original).)

In its brief in opposition, Plaintiff contends that Defendant's motion should be denied as moot as to Requests Nos. 3-8 because it "is amending its responses to [the discovery requests] and producing responsive documents which are not privileged, work product, or otherwise protected." (Doc. 222, at 5.) Plaintiff has, however, "withheld or redacted from its production documents which are subject to the attorney-client privilege, work product, and/or information which constitutes confidential, private personal data of the claimants and/or insured(s) in prior cases which [Plaintiff] does not have authorization to disclose." (*Id.*, at 6.) Plaintiff continues that any issues relating to withheld documents are "subject for another day and not presently before the Court." (*Id.*, at 7.) Plaintiff "suggests that counsel for [Defendant] review the privilege log furnished by [Plainitff] and, if appropriate, raise concerns with the privilege log with the Court after appropriate conferral as required by" the applicable federal and local rules. (*Id.*)

Defendant replies that Plaintiff's "refusal to produce documents . . . until after the filing of [Defendant's] Second Motion to Compel and [Plaintiff's] Response thereto, was without merit." (Doc. 235, at 3.) In Defendant's opinion, it was improper for Plaintiff to refuse to produce the documents "at and/or immediately following the meet-and-conferral telephone call, and . . . until

*after* the filing of [Defendant's] Second Motion to Compel . . . ." (*Id*., at 5.) As such, Defendant asks the Court to impose sanctions on Plaintiff. (*Id*., at 6.)

The award of sanctions relating to a motion to compel is governed by Fed.R.Civ.P. 37(a)(5), which states in relevant part

> [i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> > (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.
>
> ***
>
> (C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

The Court appreciates Defendant's efforts to resolve these issues without filing a motion. The Court also sympathizes with the frustration experienced by Defendant

in his efforts to receive the requested documents. Considering the language in the Court's prior Order indicating that Defendant's requests were too broadly written and instructing him to submit more narrowly written discovery requests, the Court finds that Plaintiff was substantially justified to see the specific arguments Defendant would advance in support of the rewritten requests. As such, the Court **DENIES** Defendant's request for sanctions at this time.

Plaintiff is correct that issues relating to its privilege log are not presently before the Court because they were not included in Defendant's motion. *See* ***State Farm Fire & Caus. Co. v. Bell***, No. 12-2456-KHV-KGG, 2013 WL 5530272, at n.2 (D. Kan. Oct. 4, 2013) (citing ***Rice v. Deloitte Consulting LLP***, 2013 WL 3448198, *3 (D. Colo. July 9, 2013) (citing ***Alcohol Monitoring Sys. v. Actsoft, Inc.***, 682 F.Supp.2d 1237, 1242 (D. Colo. 2010) (holding that arguments not raised in an original motion, but rather addressed for the first time in a reply brief, are waived)). The same is true as to the redactions Plaintiff made to the responsive documents it produced, which are discussed for the first time in Defendant's reply brief. (*See* Doc. 235, at 6-11.)

The situation presented herein is distinguishable from the cited cases because the reason the issues regarding the amended responses, redactions, and privilege log were not discussed in the original motion is because they were not

produced until after Defendant filed the motion to compel.  (*See generally* Doc. 213.)  The Court is thus inclined, in the interest of judicial economy, to rule on these issues in the present Order.  Unfortunately, because the issues were not briefed in the original motion (and thus not fully briefed in Plaintiff's response), the Court does not have sufficient information to resolve questions relating to the application of the attorney-client privilege or the work product doctrine to the documents at issue.

The parties are instructed to confer regarding Defendant's objections to Plaintiff's privilege log.  The parties are reminded that the Court previously stated that communications between Plaintiff and outside counsel retained by Plaintiff to represent an insured will generally not be protected by the attorney-client privilege or work product doctrine.  The documents discussed at pages 6-9 of Defendant's reply brief are prime examples of documents that should be produced in unredacted form.  (*See* Doc. 235, at 6-9.)  Should Defendant be required to file an additional motion to compel because Plaintiff refuses to produce unredacted copies of such documents that the Court has indicated are clearly discoverable, the Court encourages Defendant to request appropriate sanctions.

B. **Confidential Designations (revisited).**

The Protective Order entered in this case allows a party producing records to

designate them as "Confidential Information." (*See generally* Doc. 95.) Documents that have been so designated are afforded certain protections by the Order, including a limitation on who may view the documents and seeking permission to file such documents under seal when submitting them as exhibits to motions filed with the Court. (*Id*., at 4-6.) "Confidential Information" is defined by the Protective Order "as information that the Producing Party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties." (Doc. 95, at 1-2.)

The Protective Order then goes on to limit the types of documents that can be so designated to a list of categories, including attorney-client communications or work product, specific types of proprietary and/or trade secret information, claim face sheet notes with regard to any claim in which discovery is agreed or ordered by the Court, medical records, tax records, personnel records, and financial records. (*Id*., at 2-3.) The Order states that "[i]nformation or documents that are available to the public may not be designated as Confidential Information." (*Id*., at 3.)

The Court's prior Order dealt extensively with Plaintiff's misuse of the

confidential designation in this case. (Doc. 186, at 18-24.) The Court reviewed and discussed 10 specific documents that had been marked as "confidential" by Plaintiff as well as a representative sampling of Plaintiff's "face sheet notes" and claims sheet notes specific to the underlying lawsuit. (*Id*., at 20-24.) The Court found that in the vast majority of instances, Plaintiff has misused the designation. (*Id*.) The Court provided specific explanation as to why certain documents should or should not have been designated confidential, typically discussing whether the documents were proprietary in nature. (*Id*.) The Court stated that it hoped

> its discussion of the documents enumerated herein will provide additional guidance to Plaintiff regarding the appropriateness of confidential designations pursuant to the Protective Order in place. The Court will not, however, order Plaintiff to engage in a wholesale review of all documents previously marked as confidential in this case and make a revised determination as to the appropriateness of each specific confidential designation. To do so would invite disagreement between the parties as to hundreds of documents that may never need to be filed with the Court or seen by anyone other than counsel and the parties. Counsel are, however, instructed to meet and confer, as necessary, regarding any disagreements in the future about previously designated document(s) that counsel intends to use as an exhibit in this case.

(*Id*., at 23-24.)

The relief previously ordered by the Court on this issue appears to have been overly optimistic given Plaintiff's continued abuse of the designation. Defendant

argues that as a result of Plaintiff's improper designations, "the extra steps required to file such documents under seal" has resulted in hours of additional time from counsel in "drafting, coordinating, and otherwise addressing Motions for Leave to File Under Seal and associated tasks." (Doc. 235, at 12.) The documents listed at page 13 of Defendant's reply brief (*id.*, at 13, discussing Exhs. 7 - 11) are clearly not the type of documents that should be designated as confidential pursuant to the Protective Order as well as the Court's prior instructions on this issue. As such, the Court orders Plaintiff to produce clean copies of Exhibits 7 - 11 absent the confidential designation.

Defendant also indicates that "every single page of [Plaintiff's] recent production has been marked as confidential." (*Id.*) While the Court has not had the opportunity to review this most recent production page by page, it anticipates many of the documents contained therein are <u>not</u> confidential – particularly given the numerous examples of Plaintiff's abuse of this designation.

Plaintiff is therefore ordered to **review the most recent document production as well as all documents marked as exhibits to all depositions and all motions by either party in this litigation**. Plaintiff is instructed to remove confidential designations for documents that are clearly not proprietary in nature and produce clean copies of the same within thirty (30) days of the date of this

Order.

In regard to future disagreements, the parties are instructed to meet and confer, as necessary, regarding any document(s) Plaintiff continues to designate as confidential that Defendant intends to use as an exhibit in this case and believes is designated improperly. While the Court anticipates legitimate areas of disagreement, the Court will, if necessary, be willing to address the issue of potential sanctions regarding blatant and continued abuses of this designation upon a properly submitted motion.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel (Doc. 212) is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 4th day of August, 2017.

                                           S/ KENNETH G. GALE
                                           KENNETH G. GALE
                                           United States Magistrate Judge