IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PROGRESSIVE NORTHWESTERN INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:15-cv-09267-JAR-KGG ) |
| GABRIEL GANT, et al. | ) ) |
| Defendants. | ) ) |

### PLAINTIFF, PROGRESSIVE NORTHWESTERN INSURANCE COMPANY'S ANSWERS TO DEFENDANTS' FIRST INTERROGATORIES TO PLAINTIFF PROGRESSIVE

COMES NOW, Plaintiff, PROGRESSIVE NORTHWESTERN INSURANCE COMPANY ("Progressive) by and through counsel, pursuant to F.R.C.P., Rule 33 and, by agreement of the Parties Planning Conference, and hereby responds to Defendants'/Counterclaimants' First Interrogatories to Plaintiff Progressive as follows:

### INTERROGATORIES

1. Identify every individual who supplied information used to answer these interrogatories and identify his, her or their legal capacity within defendant's corporate structure and describe the information each provided with reference to interrogatory number and subject matter.

ANSWER:

Jean Kelly
Corporate Claims Attorney
Progressive
With the assistance of attorneys Joseph T. Kissane, Brian Aull and Christopher Harper

Case 2:15-cv-09267-JAR   Document 263-1   Filed 01/19/18   Page 2 of 4

**Objection is further made on the basis of the work produce privilege which has not been waived by the Birks. In further, response Progressive would refer to the non-privileged portions of its produced files.**

10. Identify the date Progressive, or anyone acting on behalf of Progressive, notified Bitco General Insurance Corporation regarding the Birk Lawsuit. Also identify the person(s) who provided notification to Bitco regarding the Birk Lawsuit.

ANSWER:

**No one at Progressive or anyone acting on its behalf directly notified Bitco of the Birk lawsuit.**

**On or about 5/1/13, Kevin McMaster informed Robert Hansel he would put all carriers on notice. It is Progressive's understanding that shortly after the Birk lawsuit was filed, the Birks and/or the Birks' personal counsel informed the insurance agent who sold the Bitco policy of the suit, and were advised no coverage existed under the policy. Mr. McMaster informed Mr. Hansel on or about 5/20/15 that the Birks' personal counsel had reviewed the other insurance coverages available to the Birks at the time of the accident, and it appeared only Progressive's policy provides coverage for this accident. Steve Pigg notified Bitco of the lawsuit on 2/11/15, on behalf of his client.**

11. Do you contend that, in the Birk Lawsuit, Kevin M. McMaster at any time exceeded or acted outside the scope of his authority or agency with You? If Your answer is in the affirmative, state each date upon which McMaster exceeded or acted outside the scope of his authority or agency with You; the specific actions and/or inactions by McMaster that exceeded or was outside the scope of his authority or agency with You; any specific actions taken by

8

4823-0437-7390, v. 1

Progressive in response to McMaster's actions and/or inactions that You contend exceeded or were outside the scope of his authority with You; the date(s) that any such specific actions were taken by Progressive; and the individual(s) at or on behalf of Progressive who took any such specific actions.

ANSWER:

No. **Kevin M. McMaster was not the agent of Progressive, nor was he acting with its authority in the manner, method or tactics he chose to defend the Birk lawsuit. Mr. McMaster was retained to defend the insured(s) as an independent contractor.**

12. In Progressive's *Motion to Intervene and Suggestions in Support* filed in the Birk Lawsuit, Progressive admitted it had "concerns regarding his [Kevin M. McMaster's] handling of the case." Identify the date Progressive first had "concerns" regarding Kevin M. McMaster's handling of the *Gant v. Birk* case, who at or on behalf of Progressive developed these "concerns," and identify any documents evidencing such "concerns."

ANSWER:

**Objection. The requested information is irrelevant and not likely to lead to the discovery of admissible evidence. Further, objection is made because the interrogatory is based upon an incorrect premise and contains a misstatement of fact. Progressive made no admission in the referenced Motion. The referred to statement was made in an attachment to a Motion to Intervene. This Motion was filed in litigation that Progressive was not a party to. This Motion was also withdrawn and never ruled upon by the Court. The attachment containing the referred to statement was actually a proposed Motion which was never filed with the Court. In further response, any concerns that Progressive had concerning Mr. McMaster would have been developed by Jean Kelly, Corporate Claims Attorney. Progressive objects**

14. In Progressive's *Motion to Intervene and Suggestions in Support* filed in the Birk Lawsuit, Progressive stated: "Progressive has retained new counsel for Defendants: attorney Steven Pigg on behalf of Defendant Birk Oil Company; Brett Hart on behalf of Defendant Justin Birk; and Todd Barrett on behalf of Defendants Edward and Linda Birk." Identify the date(s) Progressive retained each of these additional counsel.

**ANSWER:**

1. Attorney Steven Pigg was retained by B&B Cooperative Venture/Birk Oil Company. Progressive, however, did agree to pay Mr. Pigg's legal bill.
2. Brette Hart was retained on behalf of Justin Birk on 2/12/15.
3. Todd Barrett was retained on behalf of Edward and Linda Birk on 2/03/15.

15. In Progressive's *Motion to Intervene and Suggestions in Support* filed in the Birk Lawsuit, Progressive stated: "Progressive has requested that Mr. McMaster withdraw, but he has refused." Identify all dates that Progressive requested that Mr. McMaster withdraw. In addition, identify the person(s) that requested Mr. McMaster withdraw, the person(s) to whom the request was made (ex: Mr. McMaster, his employer, his malpractice insurer, etc.), the manner(s) in which the request(s) was (or were) made (ex: phone, letter, email, fax, etc.), and identify all Documents evidencing Progressive's request that McMaster withdraw from the Birk Lawsuit, as well as any responses and/or associated correspondence regarding the withdrawal of McMaster. Any Documents identified in this Interrogatory should be produced pursuant to *Gant's First Requests for Production of Documents to Plaintiff Progressive*, Requests Nos. 4-6.